FILED

2003 NOV -6  P 12: 32

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| M.L. on behalf of G.L., | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV1885 (WWE) |
| | ) | |
| v. | ) | |
| | ) | |
| WILTON BOARD OF EDUCATION | ) | |
| Defendant | ) | November 5, 2003 |

**MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME**

The defendant Wilton Board of Education submits this memorandum in opposition to the plaintiff's October 28, 2003 motion for an extension of time to file a response to the defendant's motion for summary judgment in this matter.[1] The plaintiff's motion was filed <u>after</u> the October 15, 2003 date for filing a response to the defendant's summary judgment motion and after this court's decision in this matter. Furthermore, the plaintiff's motion does not comply with the Federal or Local Rules of Civil Procedure and misrepresents the service upon plaintiffs' counsel.

**ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED**

---

[1] Although there is no title in the pleading, the undersigned counsel infers that the plaintiff's October 28, 2003 motion is a motion for extension of time to the extent the pleading moves the court for additional time to respond.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

1. On September 15, 2003, the undersigned counsel served upon plaintiff's counsel, Annemette Schmid, via hand delivery, and Gary Mayerson, via first class mail, the following pleadings:

    a. Defendant's motion for summary judgment;
    b. Defendant's memorandum of law in support of its summary judgment motion;
    c. Defendant's Rule 9(c)(1) Statement of Material Facts Not In Dispute; and
    d. Exhibits A-C.

See Courier Receipt, attached as Exhibit A, and Affidavit of Nicole A. Bernabo, attached as Exhibit B.

2. Attorney Annemette Schmid filed an appearance on behalf of the plaintiff, and this court granted Attorney Gary Mayerson's motion to appear *pro hac vice* on behalf of the plaintiff.

3. Attorney Annemette Schmid was the sole attorney who signed the plaintiff's motion for *de novo* review and the memorandum in support of this motion. Attorney Annemette Schmid also acknowledge to the undersigned counsel in a telephone conference that she had received, *inter alia*, the defendant's motion for summary judgment and memorandum of law in support of the defendant's summary judgment motion. See Exhibits A and B.

4. Even assuming arguendo that Attorney Mayerson did not receive the defendant's pleadings, as represented in his October 28 motion, it is significant that the Attorney Annemette Schmid did not join Attorney Gary Mayerson in signing the October 28, 2003 motion for extension of time. As Connecticut counsel, Attorney Schmid, may have informed New York counsel, Attorney Mayerson, that the defendant had filed a summary judgment motion. Indeed, the defendant should not be faulted for the failure of plaintiff's counsel to collaborate on their defense, particularly when *pro hac vice* counsel should be consulting with Connecticut counsel. This is merely a last ditch effort by plaintiff's to cure the defects in their motion.[2]

5. The undersigned counsel would typically have no objection to this request for an extension of time even though the undersigned counsel properly served both of plaintiff's counsel in a timely manner. However, the extension requested by the plaintiff in this case would unfairly prejudice the defendant. At this juncture, the plaintiff has received the defendant's reply brief which outlines their defense and is now aware of the fact that plaintiff's counsel failed to comply with the Rules of Civil Procedure (e.g. lack of Rule 9(c)(1) Statement and failed to file a *dispositive* motion) giving them an unfair advantage to cure the defects in their motion at this late date.

---

[2] The actions of the plaintiff in failing to file papers is noteworthy and only confirms the State Department of Education Hearing Officer's comments regarding the behavior of the plaintiff's counsel at the underlying administrative due process hearing – comments that the plaintiff's counsel takes issue with on this appeal.

3

6. Furthermore, the plaintiff's October 28, 2003 pleading filed with this court contained no designation. See Rules 7 and 10 of the Federal Rules of Civil Procedure; L.Civ.R. 6 and 9. The plaintiff also failed to file a request for leave of this court given the delay in filing such a pleading outside of the timelines. The court should deny this motion on these grounds alone.

For the foregoing reasons, the plaintiff's motion for extension of time should be denied.

Respectfully submitted by,
THE DEFENDANT – WILTON BOARD OF EDUCATION

By /s/ Nicole A. Bernabo
Nicole A. Bernabo (ct19783)
Sullivan, Schoen, Campane & Connon
646 Prospect Avenue
Hartford, CT 06105
(860) 233-2141
(860) 233-0516 facsimile
nbernabo@sscc-law.com

4

## CERTIFICATION

This is to certify that a copy of the foregoing memorandum and referenced exhibits A and B have been mailed, postage prepaid, to Annemette Schmid, Esq., Harris & Harris, 11 Belden Avenue, 2nd Floor, Norwalk, CT 06850; and Gary Mayerson, Esq., 330 West 38h Street, Suite 600, New York, NY 10018, on this 5th day of November, 2003.

_____
Nicole A. Bernabo

5





| Page | Account Number | Invoice No. | Invoice Period | This Invoice |
|---|---|---|---|---|
| 3 of 3 | 746-00074 | 746-05640686 | 06/28/2003 thru 09/19/2003 | $250.13 |

**1. Date: Sep 15, 2003  Ctrl #: 71004513  BOL:**   Ref: WILTON/LOMBARDI   Dropped off: 12:13  Signer: TASHA SIMPSON

| | | | |
|---|---|---|---|
| Service Type: IMM | Sender: | Receiver: | Charges:  Breakdown:  Total: |
| Pieces: 1 | SULLIVAN, SCHOEN % VELOCITY | USDC | Base Chg  $ 106.59 |
| Weight: 5 lbs | 646 PROSPECT AVENUE | 915 LAFAYETTE BLD | Fuel SRCHG  $ 4.80   $ 111.39 |
| Mileage: 57 miles | HTFD    CT 06114 | BRIDGEPORT  CT 06601 | |
| Wait Time: 0 min | Caller: JEAN | Comments: | |

**2. Date: Sep 15, 2003  Ctrl #: 71004514  BOL:**   Ref: WILTON/LOMBARDI   Dropped off: 12:50  Signer: GUFF

| | | | |
|---|---|---|---|
| Service Type: IMM | Sender: | Receiver: | Charges:  Breakdown:  Total: |
| Pieces: 1 | SULLIVAN, SCHOEN % VELOCITY | HARRIS & HARRIS | Base Chg  $ 132.77 |
| Weight: 5 lbs | 646 PROSPECT AVENUE | 11 BELDEN AVE | Fuel SRCHG  $ 5.97   $ 138.74 |
| Mileage: 71 miles | HTFD    CT 06114 | NORWALK   CT 06850 | |
| Wait Time: 0 min | Caller: JEAN | Comments: | |

This Invoice Total     $250.13

| Service Type | Orders | Total Amount |
|---|---|---|
| IMMEDIA | 2 | 250.13 |
| Service Type Total | 2 | 250.13 |



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| M.L. on behalf of G.L., | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:02 CV1885 (WWE) |
| | ) | |
| v. | ) | |
| | ) | |
| WILTON BOARD OF EDUCATION | ) | |
|     Defendant | ) | November 5, 2003 |

### AFFIDAVIT OF NICOLE A. BERNABO

I, **NICOLE A. BERNABO,** hereby swear and depose to the following:

1. I am over the age of 18 and believe in and understand the obligations of an oath.

2. Currently, I am an associate with the law firm of Sullivan, Schoen, Campane & Connon, LLC in Hartford, Connecticut. I have an appearance in the above-referenced lawsuit.

3. On September 15, 2003, I hired a courier to file the following pleadings with the United States District Court for the District of Connecticut at Bridgeport:

    a. Defendant's Motion for Summary Judgment
    b. Defendant's Memorandum of Law In Support of Its Motion for Summary Judgment
    c. Defendant's Rule 9(c)(1) Statement
    d. Defendant's Exhibits A-C, attached to the Memorandum.

See Courier Receipt, attached hereto as Exhibit A.

4. Such pleadings, as referenced in paragraph 3 above, were also hand-delivered to the law office of Harris & Harris, with whom Annemette Schmid, plaintiff's counsel is associated. Annemette Schmid has an appearance of file for the plaintiff and the address of record for

plaintiff's counsel in this matter is specifically referenced as the delivery point of the courier stating, *inter alia,* that "5 lbs. of documents" were delivered. See Exhibit A. I decided to courier the documents as a courtesy, instead of using first class mail, since the plaintiff's office was in close proximity of the courthouse where the documents would be filed.

5. On September 15, 2003, I have personal knowledge that my office also sent to plaintiff's co-counsel, Gary Mayerson, via first class mail, postage prepaid, the pleadings, referenced in paragraph 3 above, to the address of record in this case: 250 West 57th Street, Suite 624, New York, NY 10107.

6. During a subsequent telephone conference with plaintiff's counsel, Annemette Schmid, regarding the delivery of the plaintiff's pleadings to my office, Attorney Schmid admitted to me that she had received the defendant's pleadings and was surprised that I had not received the plaintiff's pleadings. The plaintiff's pleadings were erroneously sent to the Town of Greenwich attorney who does not have an appearance filed in this case, and has never had an appearance for this case on file.

7. I received a voicemail message from New York counsel, Christine Thivierge, stating that she did not receive any pleadings filed with the court in this matter as referenced in defendant's October 15, 2003 memorandum. Attorney Thivierge also stated that it was represented to her the plaintiff's counsel, Annemette Schmid, also did not receive any September 15, 2003 pleadings that were filed by the defendant.

8. Upon request of plaintiff's co-counsel, on or about October 23, 2003, my secretary, Jean Gianatti, as a courtesy again sent to co-counsel the pleadings referenced in paragraph 3 above.

Nicole A. Bernabo

Subscribed and sworn to, before me,
this 5th day of November, 2003.

Notary Public      JEAN P. GIANATTI
                   *NOTARY PUBLIC*
                   MY COMMISSION EXPIRES APR. 30, 2007

2

## CERTIFICATION

This is to certify that a copy of the foregoing Affidavit has been mailed, postage prepaid, to Annemette Schmid, Esq., Harris & Harris, 11 Belden Avenue, 2nd Floor, Norwalk, CT 06850; and Gary Mayerson, Esq., 330 West $38^{h}$ Street, Suite 600, New York, NY 10018, on this 5th day of November, 2003.

_____
Nicole A. Bernabo

5